**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| PATRICK JOHNSTON,<br>DREYGEN MESSERSMITH,<br><br>Plaintiffs,<br>vs.<br>DANIEL P. DRISCOLL<br>Secretary of the Army<br>101 Army Pentagon,<br>Washington, DC 20310<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>Case No. ___________<br><br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**
**Federal Tort Claims Act.**

## PRELIMINARY STATEMENT

1. The Plaintiffs, Patrick Johnston and Dreygen Messersmith, bring this action against, United States Secretary of the Amry, Daniel P. Driscoll, ("Defendant") for violations of Federal Tort Claims Act, 28 USC § 1346 et seq. and 39 C.F.R. 912.

2. Defendant operated its vehicle in a negligent manner, resulting in multiple injuries to Plaintiffs.

## Jurisdiction and Venue

3. Jurisdiction rests in this Court under the Federal Tort Claims Act, 28 USC § 1346 et seq. and 39 C.F.R. 912 in that Plaintiff suffered injuries on 11th day of June 2022 due to the negligence of an employee of an agency of the U.S. Government, namely the U.S. Department of Army engaged in the course and scope of their government employment.

4. Venue is proper per 28 U.S.C. § 1402(b) as the Plaintiffs are residents of the venue of the Western District of Missouri Federal District Court. *See also* 32 CFR § 750.32.

5. Plaintiffs timely filed and served an Administrative Claim as required under the F.T.C.A, Tort Claims Act on March 7th 2025, and a copy of each claim is filed herewith as "Exhibit 1" and incorporated as if fully set out herein. The U.S. Department of the Army acknowledged receipt of the same on March 25th 2025, and the acknowledging letters are filed herewith marked as "Exhibit 2."

6. On the 25th day of March, 2025, the Department of the Army, Tort Claims Division, denied Plaintiffs' claims, inviting Plaintiffs to file claims in the appropriate United States District Court no later than six months from the date of the denial.

**Factual Pleadings Common to All Claims**

7. At all times relevant hereto, Plaintiffs were and are competent citizens of the State of Missouri, residing in the jurisdiction of this Court.

8. On the 11th day of June 2022, Plaintiffs, Patrick Johnston and his grandson, Dreygen Messersmith, were traveling northbound on US Highway 63 near Laser St., Macon County, Missouri.

9. At the same time and place, the driver of a vehicle registered to the Missouri National Guard violated Revised Statute of Missouri ("RSMo") 304.029 by operating a low-speed vehicle at approximately 15-20 miles an hour on a street or highway with a posted speed limit greater than 35 miles per hour in a convoy of other military vehicles.

10. Prior to the time Plaintiffs' vehicle struck the Defendant's vehicle, Plaintiff Johnston was properly operating his vehicle at the posted speed limit of 70 miles per hour.

11. Defendant Department of the Army committed one or more of the following negligent and careless acts or omissions:

(a) Defendant failed to operate its low-speed vehicle at a safe speed on a high-speed highway;

(b) Defendant operated a low-speed vehicle on a high-speed highway without a permit;

(c) Defendant operated its vehicle in a manner resulting in unsafe conditions;

(d) Defendant failed to comply with traffic laws by failing to maintain the posted minimum/maximum speed limits, or otherwise violated RSMo 304.029, and failed to maintain safe speeds, and by failing to "route over an alternative uncontrolled access road," *See Department of the Army, Headquarters United States Army Reserve Command, Convoy Commanders Guide, USARC Pamphlet* 56-2 (1997), *See also* Defense Transportation Regulation – Part III Mobility, Appendix F, Military Movements on Public Roads (10)(d) (1997), *see also* Amry Motor Transport Operations, ATP 4-11, I-7 (August 2020);

(e) Defendant failed to obtain the required permits to operate the convoy at a low-speed on a state highway pursuant to Defense Transportation Regulation – Part III Mobility, Appendix F – Military Movements on Public Roads, B3 (1997);

(f) Defendant failed to equip the last vehicle with a "green flag (NSN 8345-00-6913) and a 16" x 50" sign with a 3/8" border inserted 3/8" from the sign's edge." *Department of the Army, Headquarters United States Army Reserve Command, Convoy Commanders Guide, USARC Pamphlet* 56-2 (1997), *see also* Army Regulation 55-29, *see also* Defense Transportation Regulation – Part III Mobility, Appendix F, Military Movements on Public Roads (1997), *see also* Amry Motor Transport Operations, ATP 4-11, I-3 (August 2020);

12. As a direct and proximate result of the aforesaid negligent acts or omissions of Defendant by and through its employee, Defendant's vehicle caused the vehicle that Plaintiff was occupying at the posted speed limit to strike Defendant's low-speed vehicle by traveling at an unsafe speed on a high-speed highway.

13. As further direct and proximate result of the negligence of Defendants and the collision aforesaid, Plaintiff Patrick Johnston suffered multiple injuries including eyelid laceration, right 3-5 metatarsal fractures, multiple fractures to ribs on both sides, sternal fracture,

bilateral pulmonary contusion, and right orbital wall fracture resulting in double vision. Plaintiff was caused to be air flighted from the scene of the accident and hospitalized from June 11th to June 14th, 2022. Plaintiff has thereby incurred expenses, lost income, and losses related to medical, diagnostic and therapeutic care and will continue to require the same in the future; all costs and values to be determined.

14. As further direct and proximate result of the negligence of Defendants and the collision aforesaid, Plaintiff Dreygen Messersmith suffered multiple injuries including a splenic laceration resulting in a splenectomy, renal hematoma with open wound, serosal tear of colon, fracture of right radius and fracture of right ulna. Dreygen was hospitalized from June 11th to June 17th, 2022 and had to undergo emergent surgical intervention to remove his spleen. Plaintiff has thereby incurred expenses and losses related to medical, diagnostic and therapeutic care and will continue to require the same in the future; all costs and values to be determined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment in favor thereof, and against Defendant Department of the Army for an amount fair and reasonable and sufficient to compensate him for his respective damage and losses, for costs of suit, and for such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

Dated: 19 September 2025

Waynesville, Missouri

Respectfully submitted,
/s/ Mark C. Prugh_______________
**MARK C. PRUGH**
Attorney at Law, MO #53474
328 Historic Route 66 East
Waynesville, Missouri 65583
(573) 774-6444/ FAX (573) 774-2227
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, I electronically filed the foregoing paper with the Clerk of the Court Using the CM/ECF system which will send notification of such filing to all attorneys of record:

Respectfully submitted,
/s/ Mark C. Prugh_________________
**MARK C. PRUGH**
Attorney at Law, MO #53474
328 Historic Route 66 East
Waynesville, Missouri 65583
(573) 774-6444/ FAX (573) 774-2227
**ATTORNEY FOR THE PLAINTIFF**